UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMIS SIMS, #706881,

    Petitioner,

v.                                  CASE NO. 2:20-CV-12575
                                    HONORABLE PAUL D. BORMAN

CONNIE HORTON,

    Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Michigan prisoner Shamis Sims ("Petitioner"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted of larceny of $1,000 or more but less than $20,000 pursuant to a nolo contendere plea in the Oakland County Circuit Court and was sentenced, as a third habitual offender, to 1 year 1 month to 10 years imprisonment in 2018. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=706881.

In his pleadings (a form petition), Petitioner indicates that he is challenging the validity of his conviction/sentence and his disciplinary proceedings. *See* Pet, ECF No. 1, PageID.2. He then lists the following claims verbatim:

> I. Clearance: not pending, Gulfport, MS Case No. B241-08-31, Burglary of Business, 3rd Circuit Court 5/19/20. Legal Mail.
>
> II. Earliest Release Date 9/24/19. (ERD) minimum sentence.
>
> III. 2 Parole Board Interviews with Lansing Board members. No release to community. 2019, 2020. Homeplacements. Medications.
>
> IV. In the Oakland County Jail, 2018. I earned credit for 44 days. Paid medication threw by my family members. Restitution, victims fees are credited not in a monthly man[ner]. According to being a[n] Indigent Prisoner Previous. Debts to MDOC are deducted by Business office errors, personel.

*Id.* at PageID.6-8.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally

insufficient on its face"); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 applies to petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). A petition may also be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (internal citations omitted).

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Pleadings filed by prisoners who are unrepresented by legal counsel are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, even a pro se prisoner's habeas petition must set forth a claim upon which federal habeas relief may be granted. *See* Fed. R. Civ. P. 8 (providing that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases (providing that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief). "[A] claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez*, 157 F. Supp. 2d at 796 (a habeas petition "must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Petitioner fails to meet such pleading standards. His habeas petition does not indicate the legal basis for his claims nor does it provide factual allegations showing that he states a valid legal claim which may entitle him to relief. To be sure, his supporting facts merely reference documents or actions that might support his claims. *See* Pet., ECF No. 1, PageID.6-8. Such a vague and conclusory petition fails to comply with the federal rules governing habeas cases and civil procedure. Conclusory allegations are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations are insufficient to warrant an evidentiary hearing on habeas review).

Additionally, it is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must

give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. The United States Court of Appeals for the Sixth Circuit has suggested that there is a "serious question whether a state prisoner may proceed under § 2241," *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006), but, has permitted state prisoners to proceed under § 2241, subject to the restrictions imposed by § 2254. *See, e.g., Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir.

2001). Regardless of whether the petition is deemed filed under § 2254 or § 2241, Petitioner must satisfy the exhaustion requirement. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *see also Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012).

Petitioner fails to meet this burden of showing that he has fully exhausted available state court remedies as to all of his claims (or at least those for which available state court remedies exist) before seeking federal habeas review. Moreover, given the paucity of his allegations, the Court cannot determine exactly what state remedies are available to him. His habeas petition is thus subject to dismissal.

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. This case is **CLOSED**. No further pleadings should be filed in this matter.

**IT IS SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: November 6, 2020